UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)   MDL NO 2924
PRODUCTS LIABILITY   20-MD-2924
LITIGATION

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

**THIS DOCUMENT RELATES TO:  9:20-cv-82166   JURY TRIAL DEMANDED**
<u>Iris Crouse</u>
(Plaintiff Name)

**SHORT-FORM COMPLAINT**

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Master Personal Injury Complaint ("MPIC") in *In re: Zantac (Ranitidine) Products Lability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint as permitted by Pretrial Order No. 31.

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

**I.   PARTIES, JURISDICTION, AND VENUE**

**A. PLAINTIFF(S)**

1. Plaintiff Iris Crouse ("Plaintiff(s)") brings this action (check the applicable designation):

   ☒ On behalf of herself

   ☐ In representative capacity as the _____, on behalf of the injured party, (Injured Party's Name) _____.

2. Injured Party is currently a resident and citizen of Davenport, Iowa, and claims damages as set forth below.

- 1 -

B. **DEFENDANT(S)**

4. Plaintiff(s) name(s) the following Defendants from the Master Personal Injury Complaint in this action:

   a. **Brand Manufacturers:**

   **Boehringer Ingelheim Pharmaceuticals, Inc.**
   **Boehringer Ingelheim Corporation**
   **Boehringer Ingelheim USA Corporation**
   **Boehringer Ingelheim International GmbH**
   **Boehringer Ingelheim Promeco, S.A. de C.V.**
   **GlaxoSmithKline LLC**
   **GlaxoSmithKline (America)**
   **GlaxoSmithKline plc**
   **Sanofi-Aventis U.S. LLC**
   **Sanofi US Services Inc.**
   **Sanofi S.A.**
   **Patheon Manufacturing Services LLC**
   **Pfizer, Inc.**

   b. **Generic Manufacturers:**

   c. **Distributors:**

   d. **Retailers:**

   e. **Repackagers:**

   f. **Others Not Named in the MPIC:**

### C. JURISDICTION AND VENUE

5. Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:

   **United States District Court for the Southern District of Iowa**

6. Jurisdiction is proper upon diversity of citizenship.

### II. PRODUCT USE

7. The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

   ☒ By Prescription

   ☒ Over the Counter

8. The Injured Party used Zantac and/or generic ranitidine from approximately 2005 to 2015.

### III. PHYSICAL INJURY

9. As a result of the Injured Party's use of the medications specified above, sh*e* was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| ☐ | BLADDER CANCER | |
| ☐ | BRAIN CANCER | |
| ☒ | BREAST CANCER | 6/2017 |
| ☐ | COLORECTAL CANCER | |
| ☐ | ESOPHAGEAL/THROAT/NASAL CANCER | |
| ☐ | INTESTINAL CANCER | |
| ☐ | KIDNEY CANCER | |
| ☐ | LIVER CANCER | |
| ☐ | LUNG CANCER | |
| ☐ | OVARIAN CANCER | |
| ☐ | PANCREATIC CANCER | |
| ☐ | PROSTATE CANCER | |
| ☐ | STOMACH CANCER | |

| | | |
|---|---|---|
| ☐ | TESTICULAR CANCER | |
| ☐ | THYROID CANCER | |
| ☐ | UTERINE CANCER | |
| ☐ | OTHER CANCER: | |
| ☐ | DEATH (CAUSED BY CANCER) | |

10. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

### IV. CAUSES OF ACTION ASSERTED

11. The following Causes of Action asserted in the Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| ☒ | I | STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| ☒ | II | STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| ☒ | III | STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT |
| ☒ | IV | NEGLIGENCE – FAILURE TO WARN |
| ☒ | V | NEGLIGENT PRODUCT DESIGN |
| ☒ | VI | NEGLIGENT MANUFACTURING |
| ☒ | VII | GENERAL NEGLIGENCE |
| ☒ | VIII | NEGLIGENT MISREPRESENTATION |
| ☒ | IX | BREACH OF EXPRESS WARRANTIES |
| ☒ | X | BREACH OF IMPLIED WARRANTIES |
| ☒ | XI | VIOLATION OF CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS and specify the state's statute below: Iowa Code §§ 714.16 through 714.16A |

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| ☒ | XII | UNJUST ENRICHMENT |
| ☐ | XIII | LOSS OF CONSORTIUM |
| ☐ | XIV | SURVIVAL ACTION |
| ☐ | XV | WRONGFUL DEATH |
| ☒ | XVI | OTHER: **BATTERY** |
| ☒ | XVII | OTHER: **FRAUD BY OMISSION** |

If Count XVI or Count XVII is alleged, additional facts supporting the claim(s):

**COUNT XVI: BATTERY**

1. Since Glaxo invented ranitidine, and as fully set forth above, each Defendant knew that when ingested, Zantac metabolizes and forms high levels of NDMA in the body. During the period of time each Defendant sold Zantac, it knew Zantac formed excessive levels of NDMA in the body.

2. Decades before Zantac was first commercially sold in the United States in 1983, Glaxo knew that NDMA was carcinogenic. Each Defendant also knew at the time they sold Zantac that NDMA was a potent carcinogen.

3. At the time each Defendant manufactured and sold Zantac, it manufactured and sold Zantac for the express purpose of being used by unwitting consumers, who didn't know that when ingested, Zantac formed excessive levels of NDMA in the body. Therefore, at all relevant times, the Defendants knew that was certain or substantially certain that the Plaintiff would be subjected to excessive levels of NDMA upon ingestion of Zantac, which they manufactured and sold.

4. Plaintiff ingested Zantac, and, as a result, was exposed to excessive amounts of a potent carcinogen — NDMA. The Plaintiff's exposure to NDMA was caused directly by Defendants.

5. No reasonable person would want to be subjected to excessive levels of a potent carcinogen, and thus, the Plaintiffs' exposure to NDMA constituted an offensive contact caused by Defendants.

6. Although Plaintiff voluntarily ingested Zantac, at no time did Plaintiff know that Zantac ingestion resulted in the formation of excessive levels of NDMA in the body. If Plaintiff had known this, she would not have taken Zantac. Therefore, Plaintiff never consented, implicitly or explicitly, to ingesting a substance that would cause large amounts of NDMA to be formed in his body.

7. The Defendants' battery upon the Plaintiff proximately caused his injuries and damages for which recovery is sought.

**COUNT XVII:  FRAUD BY OMISSION**

1. At all times, the Defendants had a duty to exercise ordinary care in the design, manufacture, marketing, and sale of its pharmaceutical products, including Zantac.

2. The Defendants have a duty to refrain from selling unreasonably dangerous products, including the duty to ensure that their pharmaceutical products do not cause patients to suffer from foreseeable risks of harm.

3. The Defendants had a duty to monitor the adverse effects associated with pharmaceutical products, including Zantac.

4. The Defendants have a duty to exercise reasonable care when they undertake affirmative acts for the protection of others.

5. The Defendants owe these duties to Plaintiff because it was foreseeable to Defendants that patients like Plaintiff would ingest and consequently be endangered by Zantac.

- 5 -

6. The Defendants also owed a duty to speak because they were in possession of information about Zantac that was not readily available to Plaintiff and Plaintiff's physicians, made misrepresentations about the safety of Zantac to Plaintiff and Plaintiff's physicians while suppressing material facts, and actively concealed material information about Zantac from Plaintiff and Plaintiff's physicians, including that when ingested, Zantac formed high levels of NDMA and other dangerous and carcinogenic metabolites in the human body.

7. The Defendants knew that this information was not readily available to Plaintiff and her doctors, and Plaintiff and her doctors did not have an equal opportunity to discover the truth. Plaintiff and his doctors had no practicable way of discovering the true state and timing of the Defendants' knowledge.

8. The Defendants intentionally omitted from their prescriber and patient labeling any type of warning alerting patients and their physicians that when ingested, Zantac forms high levels of NDMA and other harmful metabolites in the body. And, given that Defendants advertised and promoted Zantac as being safe, the Defendants had a duty to speak and reveal the fact that they knew when ingested, Zantac formed NDMA and other harmful metabolites in the body.

9. Plaintiff and his doctors justifiably relied on the Defendants' product labeling and other representations.

10. Had the Defendants not omitted this information about the safe use of their drugs from the prescriber and patient labeling, doctors would not have prescribed (or recommended), and patients would not have insisted upon or taken Zantac. But for the Defendants' omissions, Plaintiffs would not have consumed Zantac.

11. If Plaintiff had been properly warned about the dangers of Zantac use, she would not have taken Zantac, and would not have developed his injuries, or been at risk for developing cancer from Zantac usage.

12. Plaintiff and his doctors justifiably relied on the Defendants' omissions regarding Zantac.

13. Had the Defendants disclosed that they were aware of, but intentionally withheld, that Zantac forms NDMA and other harmful metabolites in the body once ingested, Plaintiff would not have ingested Zantac.

14. Plaintiff was injured as a direct and proximate result of Defendants' material omissions.

## V. JURY DEMAND

12. Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Master Personal Injury Complaint.

Date: November ___, 2020

s/ Robert C. Hilliard
Robert C. Hilliard
Katherine D'Aunno-Buchanan
Hilliard Martinez Gonzalez L.L.P.
719 S. Shoreline Blvd.
Corpus Christi, TX 78401
Telephone: (361) 882-1612
bobh@hmglawfirm.com
kbuchanan@hmglawfirm.com

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Second Ave., Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Jason A. Zweig
Zoran Tasić
Hagens Berman Sobol Shapiro LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
jasonz@hbsslaw.com
zorant@hbsslaw.com

**Counsel for Plaintiff(s)**